IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>EHSAN ULLAH KHAN a/k/a<br>EHSAN KHAN a/k/a<br>EHSAN U. KHAN and<br>MISBAH EHSAN KHAN a/k/a<br>MISBAH KHAN a/k/a<br>MISBAH E. KHAN,<br>Debtors | :<br>:<br>:<br>:<br>:<br>: | **Chapter 13**<br>**Case No. 19-10715-ELF**<br>**Consent Order Settling**<br>**Westlake Financial Services's**<br>**Motion For Relief From The Automatic**<br>**Stay Pursuant To 11 U.S.C. § 362** |

AND NOW, this day of , 2019, this matter having come before this Court upon application of ***Westlake Financial Services*** (hereinafter referred to as ***"Westlake"***), a secured creditor of the above-named Debtors, by its counsel, for relief from the automatic stay pursuant to 11 U.S.C. § 362;

AND it appearing that Debtors, ***Ehsan Ullah Khan and Misbah Ehsan Khan***, through Debtors' attorney, ***J. Zac Christman, Esquire***, have reached an agreement with regard to said Motion for Relief regarding a 2007 CHRYSLER Pacifica-V6 Wagon 4D Touring AWD, V.I.N. 2A8GF68X37R290227 (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that Debtors are indebted to ***Westlake*** on a loan which enabled Debtors to purchase said Vehicle, which loan terms are set forth in a Retail Installment Contract (the "Contract"); and

It appearing that ***Westlake*** is the holder of a secured claim against the Debtors and;

It appearing that the Debtors are in arrears post-petition in the amount of ***$1,416.52*** ($1,110.52 in missed payment, plus $306.00 in attorney's fees and costs) as of November 12, 2019;

It appearing that the Debtors and ***Westlake*** have reached an agreement to cure post-petition arrears and attorney's fees and costs, the Debtor agrees to pay ***$472.18*** of the current arrears monthly **beginning November 27, 2019** for the next **three** (3) months (with payments due on the **twenty-seventh** of each month) until the loan is paid in full, wherefore,

It is hereby **ORDERED** and **DECREED** that if Debtors shall fail to make the regular monthly payment (or any portion thereof) or fail to make payment toward the curing of the arrears as set forth above and Debtors fail to cure said default within ten (10) days after notice by ***Westlake*** (or its counsel) of said default, counsel for ***Westlake*** may file a Certification of Default with the Court setting forth Debtors' default and ***Westlake*** shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and ***Westlake*** is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law. The Debtors shall be allowed to default and cure such default under this Consent Order one (1) time. Should Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and counsel for ***Westlake*** may file a Certification of Default with the Court setting forth Debtors' default and ***Westlake*** shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362).

It is **FURTHER ORDERED** and **DECREED** that in the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph then ***Westlake***, through Counsel, may file a certification setting forth said failure and ***Westlake*** shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and ***Westlake*** is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

The failure by ***Westlake***, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of ***Westlake's*** rights hereunder.

This Order is a supplement and in addition to the Contract and not in lieu thereof.

Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

BY THE COURT:

Eric L. Frank
U.S. BANKRUPTCY JUDGE

| | |
|---|---|
| Post-Petition Arrears: | $1,110.52 |
| Counsel Fees: | $ 306.00 |
| ***Total:*** | ***$1,416.52*** |

**Westlake Financial Services**
By Counsel: Mester & Schwartz, P.C.

By: ______________________
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

DATED: 12/3/19

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtors: Ehsan Ullah Khan and Misbah Ehsan Khan**
By Counsel for Debtors: J. Zac Christman, Esquire

By: ______________________
J. Zac Christman, Esquire
Fisher Christman
530 Main Street
Stroudsburg, PA 18360
(570) 234-3960

DATED: December 2, 2019

**Chapter 13 Trustee**

/s/ Polly A. Langdon
Scott F. Waterman
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
(610) 779-1313

Dated: 12/4/2019

Please send copies to:

Ehsan Ullah Khan
Misbah Ehsan Khan
85 Sumerfield Drive
Mount Bethel, PA 18343

J. Zac Christman, Esq.
Fisher Christman
530 Main Street
Stroudsburg, PA 18360

Scott F. Waterman
Chapter 13 Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606

Office of U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107